**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALEXIA JASMINE MARIE HARVEY,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

Case No.: 8:26-cv-02662

**JURY TRIAL DEMANDED**

# COMPLAINT

Alexia Jasmine Marie Harvey ("Plaintiff"), by and through the undersigned counsel, brings this action against Equifax Information Services, LLC ("Defendant" or "Equifax") and states as follows:

## PARTIES

1. Plaintiff is a natural person residing in Tampa, Florida and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Equifax Information Services, LLC. is a limited liability company with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of Florida, including within this District. Equifax can be served through its registered agent, C T Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

3. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### Plaintiff's Discovery of Merged File

6. In or around early November 2025, Plaintiff discovered that her credit file had been mixed with her sister's (the "Mixed-Consumer") and contained various personal identifying and tradeline information belonging to the Mixed-Consumer.

7. Plaintiff and the Mixed-Consumer are separate individuals with distinct identifiers:

(a) Plaintiff's name is Alexia Jasmine Marie Harvey and the Mixed-Consumer's name is ***Alexis Jayasmine Infinity*** Harvey.

(b) Plaintiff resides in Tampa, Florida. The Mixed-Consumer resides

in Fort Wainwright, Alaska.

(c) Plaintiff and the Mixed-Consumer have different Social Security Numbers.

8. Despite these material distinctions, and upon information and belief, Equifax maintains Plaintiff's credit file under certain personal identifiers of the Mixed-Consumer, and includes within that credit file personal and tradeline information belonging to the Mixed Consumer.

9. Upon information and belief, because Equifax maintains Plaintiff's credit information under certain personal identifying information of the Mixed-Consumer Equifax fails to produce a copy of Plaintiff's consumer file when requested by Plaintiff and instead incorrectly reports that no consumer file exists for Plaintiff.

10. On or about November 9, 2025, Plaintiff attempted to obtain copies of her credit reports. Although Plaintiff was able to obtain her TransUnion and Experian consumer reports, which depicted her tradeline history, she was unable to obtain an Equifax consumer report.

11. Plaintiff attempted to obtain her Equifax consumer report through AnnualCreditReport.com, but received an error message.

12. Plaintiff attempted to create an account directly with Equifax in order to access her consumer report, but was denied.

13. Plaintiff was able to obtain and review the Mixed-Consumer's Equifax consumer reports dated around the same period when Plaintiff was unable to obtain any Equifax consumer report of her own.

14. A review of the Mixed Consumer's report confirmed that Plaintiff's tradelines and personal identifying information were being reported by Equifax within the Mixed-Consumer's consumer file.

15. Upon information and belief, the consumer file Equifax maintains concerning Plaintiff also inaccurately contains tradelines belonging to the Mixed-Consumer (the "Mixed Tradelines"). Specifically:

(a) COMMUNITY SOUTH CU
Account number: 431050XXXXXXXXX
Date Opened: May 21, 2024
Status: Collection account

(b) CAPITAL ONE
Account number: 517805XXXXXX
Date Opened: April 22, 2022

(c) CREDIT UNION 1
Account number: 697935XXXX
Date Opened: Nov 9, 2022

(d) NUVISION FCU
Account number: 64148991XXXX
Date Opened: January 11, 2025

(e) PENTAGON FCU
Account number: 43067900XXX
Date Opened: March 8, 2020

16. The aforementioned Mixed Tradelines do not belong to Plaintiff.

17. Upon information and belief, Equifax also maintains within its consumer file concerning Plaintiff, personal identifying information belonging to the Mixed-Consumer, including her name, address, and Social Security number (the "Mixed Identifiers").

18. Upon information and belief, when a third party requests a consumer report concerning Plaintiff, Equifax either reports that no consumer file exists for Plaintiff, or furnishes a consumer report containing the Mixed Tradelines and Mixed Identifiers, including derogatory accounts that do not belong to Plaintiff.

**Equifax's Impermissible Publication of Plaintiff's Information**

19. Upon information and belief, because Equifax mixed Plaintiff's credit file with information belonging to the Mixed-Consumer, Equifax published Plaintiff's private credit information to third parties in connection with credit applications submitted by the Mixed-Consumer.

20. Upon information and belief, on or about January 2, 2025, when the Mixed-Consumer applied for an auto loan through non-party Community South Credit Union, Equifax published a consumer report containing Plaintiff's credit and personal information in connection with such application.

21. Upon information and belief, on or about January 11, 2025, when the Mixed-Consumer applied for an auto loan through non-parties Stellantis Financial, AmeriCredit Financial, and GM Financial, Equifax published consumer reports

containing Plaintiff's credit and personal information in connection with such applications.

22. Upon information and belief, on or about August 29, 2025, when the Mixed-Consumer again applied for an auto loan through non-party Community South Credit Union, and Equifax published a consumer report containing Plaintiff's credit and personal information in connection with such application.

23. Plaintiff did not apply for credit with Community South Credit Union, Stellantis Financial, AmeriCredit Financial, or GM Financial on the above-referenced dates, and had no account relationship with any of them.

24. Plaintiff did not authorize Equifax to provide Plaintiff's credit and personal information to any of the aforementioned entities in connection with the aforementioned applications, nor did Plaintiff enter into any business transaction or relationship which otherwise may have provided a basis for those entities to secure a copy of Plaintiff's consumer report from Equifax.

25. Equifax had no reason to believe that those entities intended to use Plaintiff's credit information in connection with any credit transaction involving Plaintiff, and therefore disclosed information about Plaintiff without a permissible purpose, in violation of 15 U.S.C. § 1681b(a).

**Plaintiff's Dispute to Equifax**

26. On or about November 9, 2025, worried that something was very wrong

with her credit file and unable to obtain any Equifax consumer report of her own, Plaintiff sent a dispute letter to Equifax via certified mail.

27. Because Plaintiff had been unable to obtain her Equifax consumer report, the dispute identified the inaccurate information that was also appearing on Plaintiff's Experian and Trans Union consumer reports, and disputed the accounts and personal identifying information belonging to the Mixed-Consumer.

28. To assist Equifax in properly identifying her file and distinguishing her from the Mixed-Consumer, Plaintiff enclosed copies of supporting documentation to confirm her identity and current address.

29. Plaintiff requested that Equifax reinvestigate the disputed information and correct its reporting.

30. Upon information and belief, on or about December 3, 2025, Equifax received Plaintiff's dispute, as confirmed by United States Postal Service tracking.

31. To date, Plaintiff has not received any communication from Equifax in response to her November 2025 dispute.

32. Upon information and belief, Equifax failed to adequately review the information Plaintiff provided in support of her dispute.

33. Upon information and belief, Equifax failed to correct and un-mix Plaintiff's consumer file.

34. Equifax failed to conduct a reasonable reinvestigation of Plaintiff's

November 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

35. Equifax further failed to provide Plaintiff with notice of the results of any reinvestigation, in violation of 15 U.S.C. § 1681i(a)(6).

**Plaintiff's Continued Inability to Obtain Her Equifax File**

36. On or about January 16, 2026, Plaintiff mailed request to Equifax, asking for a copy of her complete consumer file. With her request, Plaintiff enclosed Florida driver's license, proof of address, and provided her date of birth and social security number.

37. Despite receiving Plaintiff's request, Equifax failed to provide Plaintiff with a copy of her consumer file, in violation of 15 U.S.C. § 1681g, and failed to respond to Plaintiff's request.

38. To date, Plaintiff has been unable to obtain a copy of her Equifax consumer file.

**Plaintiff Applies for Credit with PenFed in August 2026**

39. On or about August 28, 2026, Plaintiff applied for a Power Cash Rewards Card with PenFed Credit Union ("PenFed").

40. For PenFed to make a determination on Plaintiff's credit application, it would need to obtain a copy of Plaintiff's credit file. Plaintiff provided PenFed with

her personal identification information and authorized it to obtain her credit file.

41. Upon information and belief, PenFed requested a consumer report concerning Plaintiff from Equifax in connection with Plaintiff's August 28, 2026 credit application.

42. On or about August 28, 2026, PenFed informed Plaintiff that her application was denied. PenFed denied Plaintiff's application as a direct result of Equifax's failure to accurately report Plaintiff's credit information.

43. Equifax is aware that its credit reporting system can and does result in the mixing and merging of consumer credit files, commonly known as a "mixed file". Equifax's matching algorithms and database rules improperly associate and mix credit information from different individuals, leading to inaccurate consumer reports. These errors not only misrepresent consumers' financial histories but also expose personal and financial information to unauthorized third parties, creating risks of identity theft, privacy violations, and unjust credit denials.

44. Equifax has long been aware of the mixed file problem as evidenced by federal enforcement actions and litigation spanning decades, including lawsuits brought by the Federal Trade Commission, state Attorneys General, and many private consumers. Equifax has previously entered into agreements and consent decrees mandating corrective action, and has been penalized with punitive damages awards in private actions. Yet mixed files persist.

## PLAINTIFF’S DAMAGES

45. Upon information and belief, Equifax has failed to un-mix Plaintiff's credit file from that of the Mixed-Consumer and continues to maintain the Mixed-Consumer's credit and personal information in Plaintiff’s credit file.

46. Upon information and belief, because Equifax continues to mix Plaintiff's credit file with information belonging to the Mixed-Consumer, Equifax continues to publish Plaintiff's private credit information in response to credit applications initiated by the Mixed-Consumer.

47. Upon information and belief, Equifax continues to inaccurately report Plaintiff’s credit history.

48. As a result of the mixed file and Equifax’s erroneous reporting, Equifax has made it practically impossible for Plaintiff to obtain credit through any creditor that relies on Equifax consumer reports.

49. At all times pertinent hereto, Equifax was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Equifax herein.

50. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

51. Equifax is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs. Accordingly, Equifax's violations of the FCRA are willful.

52. As a result of Equifax's conduct, action, and inaction, Plaintiff suffered damages including but not limited to: the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; the loss of her statutory right to access and review her own consumer file; the denial of credit; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, frustration, sleeplessness, and embarrassment of credit denial and of having another consumer's personally identifying information and credit information merged with her own.

//

## CLAIMS FOR RELIEF

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(First Claim for Relief Against Defendant Equifax)**

53. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-18,26-33, and 39-52 as if fully stated herein.

54. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

55. On at least one occasion, Defendant prepared a patently false consumer report concerning Plaintiff.

56. Defendant merged Plaintiff's credit information with that of the Mixed-Consumer, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

57. Had Defendant followed reasonable procedures, including procedures reasonably designed to distinguish between consumers with similar names and Social Security numbers differing by a single digit, Equifax would have discovered

that Plaintiff and the Mixed-Consumer are separate consumers entitled to separate consumer files.

58. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

59. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage including but not limited to: the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; the loss of her statutory right to access and review her own consumer file; the denial of credit; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, frustration, sleeplessness, and embarrassment of credit denial and of having another consumer's personally identifying information and credit information mixed with her own.

60. Defendant's conduct, actions, and inactions were willful, rendering it

liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover attorneys' fees and costs from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Second Claim for Relief Against Defendant Equifax)**

62. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs 1-24, 26-36, 38-52 as if fully stated herein.

63. The FCRA mandates that a CRA conducts an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The Act imposed a 30-day time limit for the completion of such an investigation. *Id*.

64. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

65. The FCRA further requires a consumer reporting agency to provide

written notice of the results of a reinvestigation to the consumer within five business days of completion. See 15 U.S.C. § 1681i(a)(6)(A).

66. Plaintiff disputed the inaccurate information with Defendant and requested that they correct and/or delete the inaccurate, misleading, and highly damaging information belonging to an unrelated consumer.

67. Defendant failed to respond to Plaintiff's dispute and conducted no reinvestigation of Plaintiff's dispute, or if an investigation was conducted, it was so unreasonable as to allow Plaintiff's consumer file to remain merged with that of the Mixed-Consumer.

68. Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which they received notice of Plaintiff's dispute; by failing to provide Plaintiff with notice of the results of any reinvestigation; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file.

69. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage including but not limited to: the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information

was improperly implicated in the credit applications of another; the loss of her statutory right to access and review her own consumer file; the denial of credit; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, frustration, sleeplessness, and embarrassment of credit denial and of having another consumer's personally identifying information and credit information mixed with her own.

70. Defendant's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

71. Plaintiff is entitled to recover attorneys' fees and costs from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III**
**15 U.S.C. § 1681b(a)**
**Furnishing a Credit Report Without a Permissible Purpose**
**(Third Claim for Relief Against Defendant Equifax)**

72. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs 1-33, and 39-52 as if fully stated herein.

73. This action involves the willful, knowing, and/or negligent violation of the FCRA relating to the dissemination of consumer credit and other financial information.

74. Plaintiff is a "consumer" as defined by the FCRA.

75. Defendant is a consumer reporting agency that furnishes consumer reports as defined and contemplated by the FCRA.

76. The FCRA prohibits any consumer reporting agency from furnishing a consumer report unless it has a permissible purpose enumerated under the FCRA, 15 U.S.C. § 1681b(a).

77. Defendant violated 15 U.S.C. § 1681b(a) by selling Plaintiff's credit report to third parties, whom did not have a permissible purpose to Plaintiff's credit report, in relation to the credit applications of another consumer.

78. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage including but not limited to: the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; the loss of her statutory right to access and review her own consumer file; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the

inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, frustration, sleeplessness, and embarrassment of credit denial and of having another consumer's personally identifying information and credit information mixed with her own.

79. Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

80. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT IV**
**15 U.S.C. § 1681g**
**Failure to Disclose Consumer File Upon Request**
**(Fourth Claim for Relief Against Defendant Equifax)**

81. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1-18, 26-33, and 36-52 as if fully stated herein.

82. The FCRA requires that, upon request and proper identification of a consumer, a consumer reporting agency shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a).

83. On or about January 16, 2026, Plaintiff requested a copy of her consumer file from Equifax by mail, which Equifax received on or about January 30, 2026.

84. Plaintiff further attempted to obtain her consumer file directly from Equifax, through AnnualCreditReport.com, and through Credit Karma, on multiple occasions between November 2025 and August 2026.

85. Defendant failed to disclose to Plaintiff all information in her file, or any information whatsoever, in violation of 15 U.S.C. § 1681g(a).

86. Upon information and belief, Defendant's failure to provide Plaintiff with her consumer file is a direct result of its merger of Plaintiff's credit information into the file it maintains under the Mixed-Consumer's identity.

87. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage including but not limited to: the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; the loss of her statutory right to access and review her own consumer file; the denial of credit; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and

effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, frustration, sleeplessness, and embarrassment of credit denial and of having another consumer's personally identifying information and credit information merged with her own.

88. Defendant's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

89. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

Dated: September 11, 2026

By:*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS PLLC
68-29 Main Street,

Flushing, NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff,*
*Alexia Jasmine Marie Harvey*